UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, | ) | |
| | ) | 11 CV 9062 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| DOES 1-48, | ) | |
| | ) | June 14, 2012 |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

In this copyright-infringement suit, Hard Drive Productions ("Hard Drive"), a self-described "producer of adult entertainment content," alleges that 48 defendants illegally downloaded one of its copyrighted videos. (R. 1, Compl. ¶ 3.) Currently, Hard Drive knows the defendants only by their Internet Protocol ("IP") addresses. After Hard Drive issued subpoenas to the defendants' internet service providers ("ISPs") to identify the owners of the IP addresses, two of the Doe defendants filed motions to quash. For the following reasons, the motion to quash filed by the Doe defendant assigned to IP number 67.186.111.25, (R. 9), is stricken, and the motion and supplemental motions to quash filed by the Doe defendant assigned to IP number 99.141.128.18, (R. 14; R. 19), are denied.

**Background**

In its complaint, Hard Drive alleges that each of the 48 defendants violated its copyright by intentionally downloading one of its copyrighted videos, "Amateur Allure-Dylan," through a file-sharing method called the BitTorrent protocol. (R. 1, Compl. ¶¶ 3, 14,

28.) According to Hard Drive, the BitTorrent protocol is a decentralized method of distributing data that allows individual users to share data among themselves. (Id. ¶ 17.) The protocol involves breaking a single large file into many small pieces that can be redistributed quickly and reliably. (Id.) The people who download a file are called "peers" and a group of peers who download and distribute a file is called a "swarm." (Id. ¶ 18.) To obtain a file from the BitTorrent protocol, a peer must locate the file and load it into a computer program called the "BitTorrent client," which automatically attempts to connect with a server called the "tracker." (Id. ¶¶ 18-19.) The tracker—which stores a list of peers in a swarm—responds with the peer list and the BitTorrent client connects to those peers to begin downloading data and distributing it among the swarm. (Id.) After the download, the program will continue to distribute data to other peers in the swarm until the user or the BitTorrent client disconnects. (Id. ¶ 19.)

Hard Drive alleges that it was able to observe and create a log documenting the defendants' activities in downloading and distributing its work through the swarm specific to Amateur Allure—Dylan. (R. 1, Compl. ¶ 29.) The log documents the defendants' IP addresses as well as the date and time of their activity in the swarm. (Id.) Based on that log, the assigned district judge granted Hard Drive's motion for leave to take expedited discovery in the form of subpoenas issued to the ISPs associated with the defendants' IP addresses. (R. 8.) The subpoenas direct the ISPs to provide the name, addresses, telephone numbers,

2

email addresses, and Media Access Control addresses for all of the people associated with the accused IP addresses. (Id.)

Shortly after Hard Drive issued the subpoenas, two of the Doe defendants filed motions to quash. The first was filed anonymously by a pro se defendant associated with IP number 67.186.111.25 ("the first defendant"). He or she argued that the subpoena violates his or her First Amendment right to engage in free and anonymous speech and places an undue burden on the targeted ISP, Comcast Cable Holdings, Inc. ("Comcast"). (R. 9, Mot. ¶¶ 4-5.) The second motion to quash was filed by an attorney representing the Doe defendant associated with IP number 99.141.128.18 ("the second defendant"). In his motion, the second defendant disclaims liability, asserting that he does not download movies, that adult videos conflict with his Christian morals, and that anyone within range of his wireless internet connection—which was unprotected by a password at the relevant time—could have engaged the BitTorrent protocol using his IP address. (R. 14, Mot. ¶¶ 4-6, 15.)

After Hard Drive responded to the second defendants' motion, he filed what he styled as a "Supplemental Motion to Quash Subpoena," arguing that he has standing to challenge the subpoena based on his First Amendment right to privacy and submitting evidence that he says establishes that the current lawsuit is "part of an overall pattern or business plan of extorting 'settlement' money from identified Does," regardless of their guilt. (R. 19, Supp. Mot. at 3-4.) Specifically, the second defendant's attorney, Kevin Guynn, attached a declaration swearing that he offered to have a court-appointed computer expert analyze his

3

client's computers to confirm whether the allegedly downloaded videos are present there, but that Hard Drive's attorney declined. (R. 19-1, Ex. 2, Guynn Decl. ¶¶ 2-4.) According to Guynn, Hard Drive's attorney said it would not agree to dismiss the second defendant unless he payed $3,400. (Id. ¶ 6.) Guynn states that the attorney warned that if this court denied the motion to quash, "the required payment for settlement would go up." (Id. ¶ 7.)

On May 22, 2012, the assigned district judge referred all of the discovery motions in this case to this court. (R. 22.) This court gave the Doe defendants until June 8, 2012, to file their replies in support of the pending motions to quash. (R. 24.) The second defendant filed a reply brief in support of his motions (R. 26), but the first defendant did not.

## Analysis

The procedure governing the issuance of subpoenas is set forth in Federal Rule of Civil Procedure 45. *Ott v. City of Milwaukee*, __ F.3d __, 2012 WL 1914090, at *3 (7th Cir. May 29, 2012). Rule 45(c)(3)(A) states that the court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter" or if it "subjects a person to undue burden." The party seeking to quash a subpoena has the burden of demonstrating that it meets these requirements. *See Pacific Century Int'l, Ltd. v. Does 1-37*, __ F.Supp.2d __, 2012 WL 1072312, at *2 (N.D. Ill. March 30, 2012).

I.  **The First Defendant's Motion to Quash Subpoena Issued to Comcast**

The first defendant's motion to quash faces a glaring procedural hurdle—it violates the stricture against anonymously filed motions. The defendant, who is not represented by

4

counsel, submitted his motion under the name "Internet Protocol 67.186.111.25," and in the signature line, left only an "x." Federal Rule of Civil Procedure 11(a) states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The signator must also include his address, email address, and telephone number. *Id.* The rule directs that the "court must strike an unsigned paper" unless the omission is promptly cured. *Id.* The "central purpose of Rule 11 is to deter baseless filings in the district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

This court recognizes that given the context of the current motion—the whole point of which is to maintain the defendant's anonymity—Rule 11(a) places this defendant in a particular bind. He or she may not wish to hire an attorney, but he or she cannot otherwise comply with Rule 11 without revealing his or her identity, thus rendering the motion moot. And yet, as Hard Drive points out, if this court were to allow a defendant unrepresented by counsel to proceed anonymously, there would be no way to ensure that the movant has the interest he or she represents having in this litigation, thus casting doubt on whether there is any "case or controversy" with respect to that individual. The signature and other identifying information required by Rule 11(a) help ensure that a stranger to the litigation does not impact its course and create a layer of accountability necessary to protect all of the parties

5

and the resources of this court. Without a signature from either the defendant or an attorney representing him or her, that protection disappears.

More than 60 days have passed since Hard Drive filed its response alerting the first defendant to the Rule 11(a) deficiency, and he or she has made no attempt to cure the procedural deficiency. Accordingly, the motion to quash is stricken without prejudice to refiling in compliance with Rule 11(a), either by the defendant's own signature or that of an attorney. *See Central Mfg. Co. v. Pure Fishing, Inc.*, No. 05 CV 725, 2005 WL 3090988, at *4 (N.D. Ill. Nov. 16, 2005) (striking attorney appearance form that violated Rule 11(a)); *K-Beech, Inc. v. Does 1-29*, 826 F.Supp.2d 903, 905 (W.D.N.C. 2011) (striking motion to dismiss filed in violation of Rule 11(a)). But before attempting to refile, the defendant should consider that the two arguments he or she raises on the merits—that the subpoena violates his or her First Amendment rights and creates an undue burden—face serious hurdles. The movant has not explained how he or she has standing to argue that the subpoenas place an undue burden on Comcast (especially where Comcast itself has not objected), and the subpoenas do not burden him or her, because they do not require any action from the movant. *See First Time Videos v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) ("[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena.") As for the First Amendment argument, it suffers from the same deficiencies described below with respect to the motions filed by the second defendant.

6

## II. The Second Defendant's Motion and Supplemental Motion to Quash Subpoena Issued to AT&T Internet Services

In his original and supplemental motions, the second defendant argues that the subpoena issued to his ISP, AT&T Internet Services ("AT&T"), should be quashed because revealing his identity would violate his privacy interests and because he has submitted some evidence to show that he did not engage in the downloading activities described in the complaint. In response, Hard Drive argues that the movant lacks standing to pursue these arguments because the subpoena is directed to AT&T, a non-party. Generally, a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests. *See Windsor v. Martindale*, 175 F.R.D. 665, 668 (D.Colo. 1997). The second defendant has not made any claim of privilege, but he argues that he has a privacy interest in protecting his identity, including a First Amendment right in remaining anonymous and not being associated with activity he finds repugnant.

Courts in similar cases have recognized that individuals have a First Amendment right to engage in anonymous speech on the internet that is implicated by a subpoena asking an ISP to reveal subscriber information. *See First Time Videos*, 276 F.R.D. at 248; *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F.Supp.2d 556, 562 (S.D.N.Y. 2004). But the First Amendment does not protect copyright infringement, and "to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010).

Accordingly, in the context of a subpoena challenge, the defendant's First Amendment right to remain anonymous gives way to the plaintiff's right to access the judicial process to protect its copyright. *Id.* at 124; *First Time Video*, 276 F.R.D. at 248; *Voltage Pictures, LLC v. Does 1-5,000*, 818 F.Supp.2d 28, 36 (D.D.C. 2011).

To the extent that the second defendant is asserting some more amorphous privacy interest in not having his identity revealed, courts have recognized that because internet subscribers must convey their identity and other information to an ISP in order to establish an account, they do "not have a reasonable expectation of privacy in their subscriber information." *See First Time Videos*, 276 F.R.D. at 249; *Boy Racer, Inc. v. Does 1-34*, No. 11-23035, 2012 WL 1535703, at *4 (S.D. Fla. May 1, 2012). In his reply, the second defendant points for the first time to the privacy interest he says is granted him under the Cable Communications Act of 1984, 47 U.S.C. 551(c). By waiting until his reply brief to raise this argument, the second defendant has waived it. *See Gonzales v. Mize*, 565 F.3d 373, 382 (7th Cir. 2009). But even if he had not waived the argument, 47 U.S.C. § 551(c)(2)(B) requires a cable provider to notify a person before divulging their information pursuant to a court order. There is no question here that the second defendant has been given that notice. He argues that the statute prevents the disclosure of any information other than names and addresses, but the subsection pertaining to disclosures made pursuant to court orders does not expressly limit what type of information can be disclosed. *See* 47 U.S.C. § 551(c)(2)(B). For

all of these reasons, the second defendant has not shown that his privacy interest would justify quashing the subpoena under Rule 45(c)(3)(A)(iii).

The second defendant also argues that the subpoena should be quashed because he has submitted some evidence to show that he is innocent of the allegations. Specifically, he has submitted a declaration stating that he uses a wireless modem that was not password protected at the time of the alleged download, that no one in his house was using a computer at the time of the download, and that viewing pornography would violate his religious principles. (R. 14, Mot. ¶¶ 4-6, 10, 15.) Be that as it may, "[i]t is well-settled that such general denials of liability cannot serve as a basis for quashing a subpoena." *First Time Videos v. Does 1-76*, 276 F.R.D. 254, 256 (N.D. Ill. 2011). The criteria set forth in Rule 45 for quashing a subpoena include the required "disclosure of privileged or other protected matter" or the avoidance of an "undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv). A defendant's denial of liability is simply "not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." *First Time Videos*, 276 F.R.D. at 251.

In his reply brief, the second defendant argues that the facts in his declaration should be deemed admitted because Hard Drive has not presented any evidence in rebuttal. (R. 26, Reply at 5-6.) But the three cases he cites in support of that position involve the local rules for deeming facts admitted in the summary-judgment context, *see Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003), the burden-shifting scheme that specifically applies to IRS-

9

issued summonses, *see Menendez v. United States*, 872 F.Supp. 567, 571 (S.D. Ind. 1994), and the requirements for responding to evidence submitted in challenging a federal court's jurisdiction, *see Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929-30 (6th Cir. 1974). None of those cases support the proposition that a party defending a subpoena is required to submit evidence to rebut the opposing party's general denial of liability. Nor is Hard Drive required to make out a prima facie case of copyright infringement against the second defendant before the subpoena may issue. *See Arista Records LLC v. Does 1-19*, 551 F.Supp.2d 1, 6 (D.D.C. 2008). Instead, it is the defendant's burden here to establish that the subpoena falls within the Rule 45 criteria for quashing a motion. *See Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987). His denial of liability is not among those criteria. *See* Rule 45(c)(3)(A).

All of that being said, this court understands why Hard Drive's strategy in this litigation and other cases like it causes some defendants a particular level of chagrin. It is one thing to be accused of pirating a copy of, say, an album by Bob Dylan; for many people it is quite another to be publicly named as having downloaded a video titled "Amateur Allure—Dylan." According to the movant, Hard Drive's law firm has created a niche practice in exploiting this distinction, trusting that once identified, some critical mass of defendants will agree to pay a settlement in exchange for never being publicly associated with pornography in court documents—whether or not they are actually guilty of pirating the relevant video. This court noted in another case that the same lawyers representing Hard

10

Drive here have filed at least 118 of these lawsuits against more than 15,000 Does since 2010. *See Pacific Century*, 2012 WL 1072312 at *2. And other courts have described the litigation tactic of adult film producers as the movant does here: the plaintiff sues a mass of anonymous defendants, gains leave to take expedited discovery to obtain the identities of the IP subscribers, then settles with numerous defendants who are motivated to avoid being publicly connected to pornographic movies, although the plaintiff actually harbors little interest in going through with litigating the matter. *See Digital Sin, Inc. v. Does 1-176*, __ F.R.D. __, 2012 WL 263491, at *3 (S.D.N.Y. Jan. 30, 2012); *MCGIP, LLC v. Does 1-149*, No. 11 CV 2331, 2011 WL 4352110, at *4 n.5 (N.D. Cal. Sept. 16, 2011). As the *MCGIP* court described it, "these mass copyright infringement cases have emerged as a strong tool for leveraging settlements—a tool whose efficiency is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access *en masse* to the identities of alleged infringers." 2011 WL 4352110, at *4 n.5.

Regardless of this court's discomfort with the possibility that Hard Drive's litigation strategy is as the movant and other courts have described it, the fact remains that this court is bound to evaluate the current motion under the criteria of Rule 45(c)(3)(A), and the movant has not met his burden of showing that the subpoena meets those criteria. Accordingly, the second defendant's motion and supplemental motion to quash the subpoena are denied. Going forward, however, Hard Drive should be particularly mindful that this defendant has submitted evidence casting doubt on the merits of its allegations with respect

to him. Before naming this defendant in an amended complaint or otherwise moving forward against him, Hard Drive must consider long and hard whether doing so will comport with Rule 11(b), which states that an attorney submitting any filing to the court certifies that it is not "presented for any improper purpose, such as to harass" and that "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Naming the defendant in violation of those certifications could subject Hard Drive to sanctions. Fed. R. Civ. P. 11(c).

This court notes that the circumstances here might be particularly appropriate for the issuance of a protective order allowing any information released by the ISPs to be treated as confidential for a limited duration. The parties should confer as to whether they can agree to such an order, and if not, the second defendant may move for the entry of one under Rule 26(c).

## Conclusion

For the foregoing reasons, the motion to quash filed by the defendant assigned to IP number 67.186.111.25, (R. 9), is stricken, and the motion and supplemental motions to quash filed by the defendant assigned to IP number 99.141.128.18, (R. 14; R. 19), are denied.

**ENTER:**

_____
Young B. Kim
United States Magistrate Judge

12